**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 20-4531**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMAL DEMARCUS LATIMER,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Donald C. Coggins, Jr., District Judge.  (8:19-cr-00181-DCC-3)

---

Submitted:  June 30, 2022                          Decided:  July 21, 2022

---

Before WYNN, RUSHING, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH, JR., Florence, South Carolina, for Appellant. Sloan Price Ellis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamal Demarcus Latimer pled guilty to conspiracy to possess multiple controlled substances with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The district court sentenced Latimer to 210 months' imprisonment.  On appeal, Latimer's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Latimer's sentence is reasonable.  Latimer did not file a pro se supplemental brief, and the Government has elected not to respond to the *Anders* brief.  We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51.  In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence.  *Id.* at 49-51.  If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51.  A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

Latimer questions whether the district court erred in applying sentencing enhancements for knowingly misrepresenting or marketing as another substance a mixture or substance containing fentanyl and for possessing a firearm in connection with a controlled substance offense.  We review the district court's findings of fact for clear error and its legal conclusions de novo.  *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018).  We conclude that, based on the findings of the presentence report adopted by the district court, the court did not err in applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(13), as Latimer participated in a scheme to knowingly market as another substance a substance containing fentanyl.  We similarly conclude that the district court did not err in applying a two-level enhancement under USSG § 2D1.1(b)(1) for possessing a firearm in connection with a controlled substance offense.  The enhancement is supported by evidence that firearms and drug distribution paraphernalia were recovered from Latimer's residence, which was linked to the drug conspiracy.  *See* USSG § 2D1.1(b)(1) & cmt. n.11(A); *United States v. Manigan*, 592 F.3d 621, 629 (4th Cir. 2010).  Latimer points to nothing in the record suggesting that the connection between the firearms and his drug distribution activity was "clearly improbable."  *United States v. Bolton*, 858 F.3d 905, 912 (4th Cir. 2017) (quoting USSG § 2D1.1(b)(1) cmt. n.11(A)).

Further, we discern no other procedural error, as the district court correctly calculated Latimer's Guidelines range, afforded the parties an opportunity to address the court, considered the § 3553(a) factors, and thoroughly explained its reasons for imposing

3

the sentence.    Finally, nothing in the record rebuts the presumption that Latimer's below-Guidelines-range sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the criminal judgment.  This court requires that counsel inform Latimer, in writing, of the right to petition the Supreme Court of the United States for further review.  If Latimer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Latimer.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*